## HAYDEN v INDUSTRIAL COMMISSION

Ohio Appeals, 5th Dist, Stark Co

No 1330. Decided Feb 7, 1933

John F. Cholley, Canton. for plaintiff in error.

J. W. Bricker, Columbus, R. R. Zurmehly, Lima, and George N. Graham, Canton, for defendant in error.

### OPINION

By GARVER, PJ.

In **Industrial Commission v Davis, 119 Oh St, 221**, judgment was rendered against the claimant, but in the opinion the court say:

"(1)  Nothing special or out of the ordinary was required of decedent by his employer.

(2)  There is an entire absence in the record of any evidence showing or tending to show any over-strain or unusual exercise of any kind."

In the instant case there was some evidence showing plaintiff was lifting and throwing in a hole an exceptionally heavy piece of iron, which weighed over two hundred and fifty pounds; that at the time he felt a sharp pain in his left side and bent over.  He told a fellow workman that he hurt himself throwing that last piece, that it was too heavy.  He called the Doctor that day or the next day, who found him suffering from an inguinal hernia, tender, and not of long standing.

Without further detailing the evidence, we find that he was lifting a heavier weight than ordinary and that same was required by his employer, and that the evidence tends to show some over-strain and unusual weight of the piece of iron lifted and thrown in the hole.  We further find that the proof and inferences are such that fair minded men could reasonably arrive at different conclusions therefrom, and the facts in issue are triable to a jury.  **Industrial Commission v Schick, 125 Oh St, 419, 181 NE, 892.**

The Common Pleas Court conscientiously stated that it was a debatable question whether there was a scintilla of evidence on the question of injury.  We regret to hold differently from him, but our holding exemplifies the principle that different minds arrive at different conclusions from the same evidence.

Therefore, the judgment of the Court of Common Pleas is hereby reversed and the cause remanded.  Exceptions may be noted.

SHERICK and LEMERT, JJ, concur.